UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

YOANDY MORALES,

Petitioner,

v.

G. NAJERA, *et al.*,

Respondents.

Case No.: 3:26-cv-00113-MMD-CLB

ORDER

## I.   SUMMARY

This habeas matter is before the Court for initial review of Petitioner Yoandy Morales's *pro se* petition for writ of habeas corpus (ECF No. 1-1 ("Petition")) under 28 U.S.C. § 2254 under the rules governing § 2254 cases.[1] Also before the Court is Goepner's application to proceed *in forma pauperis* ("IFP") (ECF No. 1). The Court concludes that the Petition fails to state a cognizable habeas claim, summarily dismisses the Petition without prejudice, and grants the IFP application.

## II.   DISCUSSION

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Federal law provides two main avenues of relief for legal challenges to

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the rules governing § 2254 cases in the United States District Courts. Petitioner filed the petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as authorized by Habeas Rule 1(b).

incarceration: (1) a petition for writ habeas corpus, 28 U.S.C. § 2241, 2254, 2255 ; and (2) a civil rights complaint, 28 U.S.C. § 1983. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *See Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016). Such claims must be brought, if at all, under § 1983. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, then he must file a civil rights complaint. *See id.* at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979)).

Morales asserts that he was denied his constitutional rights during a prison disciplinary hearing, that he received false charges, and received extra segregation time for no reason. (ECF No. 1-1 at 3.) It appears that his allegations are in the nature of prisoner civil rights claims. If he were to succeed on this claim, it would only mean that his conditions of confinement would change. He would not be released from custody any sooner. Because success on Morales's claim would not lead to his immediate or speedier release, it does not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint.

The Court declines to recharacterize Morales's petition as a civil rights complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead civil rights claims. *See Nettles*, 830 F.3d at 935-36. However, habeas actions and prisoner civil rights cases "differ in a variety of respects—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.* In this case, the petition is not amenable to conversion on its face based on the differences between habeas and civil rights cases and because it is not clear whether recharacterization would disadvantage Morales. The Court therefore dismiss the Petition without prejudice and instruct the Clerk of the Court to send Webb the approved form and instructions for filing a 42 U.S.C. § 1983 complaint. Accordingly, the Court denies the

2

Petition without prejudice and dismisses this action.

**III.    CONCLUSION**

It is therefore ordered that Petitioner Yoandy Morales's petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254 is denied, and this action is dismissed without prejudice.

It is further ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

It is further ordered that the Clerk of the Court is directed to (1) send Morales the approved form and instructions for filing a 42 U.S.C. § 1983 complaint; and (2) enter final judgment accordingly and close this case.

It is further ordered that the Clerk of the Court is directed to make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the AG only. No response is required from Respondents other than to respond to any orders of a reviewing court.

DATED THIS 1st Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3